IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

BRYON FREES,

    Plaintiff,

vs.

PIONEER CREDIT RECOVERY INC.,
et. al.,

    Defendants.

CASE NO. 3:09-CV-00301

**Judge Walter H. Rice**

**AMENDED VERIFIED COMPLAINT**

---

    Now comes Byron Frees ("Plaintiff"), through undersigned counsel, and respectfully submits his Amended Complaint, which shall amend his Complaint, filed on August 14, 2009.

---

1. It is undisputed that this Court has jurisdiction in this matter under 28 U.S.C. 1331 & 1367 and the Defendants are subject to the jurisdiction of this Court;

2. On February 7, 1994, Bryon Frees singed a contract with ITT Technical Institute (Attached as Plaintiff's Exhibit 2.1);

3. The terms of the contract, which are definite and certain, set forth a total program cost to the Plaintiff of $9,274.00 for his enrollment in the Heating, Air Conditioning, and Refrigeration Program ("Program") that commenced on March 7, 1994;

ROGERS & GREENBERG
L.L.P.
ATTORNEYS AT LAW
2160 KETTERING TOWER
DAYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649

1

4. ITT Technical Institute ("ITT") provided the Plaintiff with a Cost Summary and Payment Addendum To Enrollment Agreement ("Addendum"), which was signed by an agent for ITT on February 14, 1994 (Attached as Plaintiff's Exhibit 2.2);

5. Under the terms of the Addendum, the Plaintiff owed ITT a total sum of $948.00, beyond amounts paid with financial aid, for the entire Program, which the Plaintiff financed in the form of twelve payments of $79.00, which commenced on March 7, 1994;

6. Under the terms of the Addendum, ITT estimated that the Plaintiff would receive $3,800.00 of Federal Stafford Loans and $5,050.00 of Federal SLS Loans towards the satisfaction of obligation for tuition and fees;

7. On February 14, 1994, the Plaintiff signed an Application and Promissory Note for $6,625.00 of Federal Loans ("Loans") to be applied towards his tuition and fees at ITT (Attached as Plaintiff's Exhibit 2.3);

8. On July 8, 1994, the Plaintiff qualified for Ohio Instructional Grant Program ("OIGP") and the Job Training Partnership Program ("JTPP"), which are both grant programs sponsored by the State of Ohio. (Attached as Plaintiff's Exhibit 2.4);

9. On August 12, 1994 payments to ITT from the OIGP and the JTTP were authorized to be paid on behalf of the Plaintiff for $1,833.00. (Attached as Plaintiff's Exhibit 2.5);

10. On November 18, 1994 payments to ITT from the OIGP and the JTTP were authorized to be paid on behalf of the Plaintiff for $2,080.00. (Attached as Plaintiff's Exhibit 2.5);

11. The said grant awards reduced the Plaintiff's obligation to ITT from $9,274.00 to $5,361.00, yet the Plaintiff has no record of reimbursements for overpayment of tuition being received from ITT or any other party;

12. On or about March 3, 1995, the Plaintiff graduated from the Program, but he was unable to find work in field for which he had been trained by ITT;

13. Despite his best efforts to find work in his field, the Plaintiff was unable to obtain gainful employment and obtained social security benefits, which were garnished by the Department of Education;

14. USA Funds c/o Sallie Mae, Inc. notified the Plaintiff, in correspondence dated September 8, 2008, that he had defaulted on his education loans on December 17, 2004 and that a collection

ROGERS & GREENBERG
L.L.P.
ATTORNEYS AT LAW
2160 KETTERING TOWER
DAYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649

contractor had been given his information for purposes of collection; (Attached as Plaintiff's Exhibit 2.6);

15. Also, the correspondence dated September 8, 2008, put the Plaintiff on notice that the U.S. Department of Education requested that all or part of your federal tax refund be seized to reduce the debt on his loans that were allegedly in default; (Attached as Plaintiff's Exhibit 2.8);

16. It is Byron Frees' belief that Pioneer Credit Recovery, Inc. ("Pioneer") contacted him at least seventy seven (77) times during an eight (8) month period preceding the filing of the instant action;

17. It is Bryon Frees' belief that Pioneer contacted his landlord and members of his family in connection with the collection of alleged debts;

18. It is Bryon Frees' belief that Pioneer and the Department of Education garnished his earnings and seized his federal income tax return, which was critical to the Plaintiff's ability to subsist;

19. It is Byron Frees' belief that the amount that Sallie Mae, the Department of Education and Pioneer are seeking to recover from him are not an accurate amount that remains due and owing on his Loans and that despite his efforts to notify same of the discrepancy, he has not been afforded a with a meaningful opportunity to be heard;

20. It is Byron Frees' belief that ITT has overcharged him for his tuition and fees and failed to properly account for funds received from his successful participation in the OIGP and JTTP and the resulting reduction in his cost of matriculation and that ITT has failed to provide him with an accurate statement of charges;

## FAIR DEBT COLLECTION PRACTICES ACT

21. Paragraphs one (1) through twenty one (21) are fully incorporated as if rewritten herein;

22. Under 15 U.SC. 1692a, the Plaintiff is a "debtor" and ITT, Pioneer, the Department of Education and Sallie Mae are "creditors" and have communicated, directly or through their respective agents, with the Plaintiff for the purpose of harassing and abusing the Plaintiff;

23. Pioneer has violated 15 U.S.C. 1692d by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number by contacting the Plaintiff, via telephone, more than seventy seven

ROGERS & GREENBERG
L.L.P.
ATTORNEYS AT LAW
2160 KETTERING TOWER
DAYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649

3

times in less than an eight month period of time and by contacting members of the Plaintiff's family and the Plaintiff's landlord, without the Plaintiff's consent, more than once in connection with the collection of alleged debts;

24. Sallie Mae Inc. violated 15 U.S.C. 1692e by creating the false representation or implication that the debt collector is vouched for, bonded by, or was affiliated with the United States by providing notification to the Plaintiff that the U.S. Department of Education had requested that his tax returns be seized, which constitutes a deceptive means to collect or attempt to collect an alleged debt or to obtain information concerning a consumer by representing that Sallie Mae is an agency of the federal government and failed to adequately notify the Plaintiff that Sallie Mae Inc. is not affiliated with the government when using the nomenclature "SLM Corporation", without defining same, for the exclusive purposes of ostensibly providing the required non-affiliation notice, whilst identifying themselves as Sallie Mae, Inc. in all other contexts;

24. ITT, Pioneer, Sallie Mae, and the Department of Education have failed to validate the alleged debts of the Plaintiff as required under 15 U.S.C. 1692f;

25. ITT, Pioneer, Sallie Mae, and the Department of Education are liable to the Plaintiff under 15 U.S.C. 1692k for the said violations of the FDCPA and all other violations discovered by the Plaintiff in the process of discovery or prosecution of this matter;

## WAGE GARNISHMENT

26. Paragraphs one (1) through twenty five (25) are fully incorporated as if rewritten herein;

27. Sallie Mae Inc., the Department of Education and Pioneer violated 20 U.S.C. 1095 by deducting more than 15 percent of the Plaintiff's disposable pay, without written consent from the Plaintiff;

28. Plaintiff has not received written notice from Sallie Mae Inc., the Department of Education or Pioneer sent by mail to the individual's last known address, a minimum of 30 days prior to the initiation of proceedings, from the guaranty agency or the Secretary, as appropriate, informing such individual of the nature and amount of the loan obligation to be collected, the intention of the guaranty agency or the Secretary, as appropriate, to initiate proceedings to collect the debt through deductions from pay, and an explanation of the rights of his rights under 20 U.S.C. 1095;

29. Sallie Mae Inc., the Department of Education and Pioneer failed to provide the Plaintiff with an opportunity to inspect and copy records relating to the debt;

ROGERS & GREENBERG L.L.P.
ATTORNEYS AT LAW
2160 KETTERING TOWER
DAYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649

4

30. Sallie Mae Inc., the Department of Education and Pioneer failed to provide the Plaintiff with an opportunity to enter into a written agreement with the guaranty agency or the Secretary, under terms agreeable to the Secretary, or the head of the guaranty agency or his designee, as appropriate, to establish a schedule for the repayment of the debt;

## OHIO CONSUMER PROTECTION ACT

31. Paragraphs one (1) through thirty (30) are fully incorporated as if rewritten herein;

32. Under R.C. 1345.01, ITT is a person engaged in the business of effecting or soliciting consumer transactions and the Plaintiff is a person whom engaged in a consumer transaction with ITT;

33. Under R.C. 1345.01, ITT and Plaintiff entered into, and executed, a "Consumer transaction" when the Plaintiff enrolled in the Program in 1994;

34. Under R.C. 1345.02, ITT committed unfair or deceptive acts and practices in connection with a consumer transaction by modifying the cost of tuition after the Plaintiff had agreed on the term of cost and failing to apply OIGP and JTTP grant money to the Plaintiff's cost of tuition, which constituted an unfair and deceptive act during and after the transaction.

## SPOLIATION

35. Paragraphs one (1) through thirty four (34) are fully incorporated as if rewritten herein;

36. Upon good reason and belief Bryon Frees asserts that during the pendency of the current dispute with ITT, for which litigation was pending or probable, ITT acted with knowledge that litigation existed or was probable;

37. ITT willfully and intentionally caused the destruction of evidence by defendant designed to disrupt Plaintiff's case, specifically by destroying documents related to funds received and distribution made by ITT on behalf of the Plaintiff;

38. ITT's actions in destroying or otherwise refusing to produce requested documents have caused a material disruption to the Plaintiff's case;

39. The damage to the Plaintiff's ability to pursue his claims against ITT was proximate and foreseeable result of the ITT's acts;

ROGERS & GREENBERG
L.L.P.
ATTORNEYS AT LAW
2160 KETTERING TOWER
DAYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649

5

## UNJUST ENRICHMENT

40. Paragraphs one (1) through thirty nine (39) are fully incorporated as if rewritten herein;

41. Plaintiff conferred a benefit upon ITT in the form payments for tuition and fees that exceeded his obligations to ITT;

42. It would be unjust for ITT to retain the benefit conferred, at the detriment of the Plaintiff;

43. ITT wrongful withholding of a benefit conferred by the Plaintiff is the direct and foreseeable cause of the resulting harm to the Plaintiff;

## BREACH OF FIDUCIARY DUTY

44. Paragraphs one (1) through forty three (43) are fully incorporated as if rewritten herein;

45. ITT was in a position of trust as fiduciary for funds paid by OIG, JTTP, and various other financial institutions in connection with the Plaintiff's tuition and fees;

46. ITT breached its duty to the Plaintiff by failing to account for funds received and disbursed on behalf of the Plaintiff and without his knowledge or informed consent;

47. ITT's breach of duty was the actual and foreseeable cause of the harm to the Plaintiff, which includes, but not limited to, being wrongfully subjected to the collections, garnishment, and reduction in available credit to the Plaintiff;

**WHEREFORE** the Plaintiff prays for money damages, an injunction against the Defendants from the collection of the Plaintiff's alleged debts, plus costs and attorney fees, for the aforesaid claims, and any and all other forms of relief that this Court deems appropriate in law and equity.

ROGERS & GREENBERG L.L.P.
ATTORNEYS AT LAW
2160 KETTERING TOWER
DAYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649

/S/ David M. Pixley, Esq.
David M. Pixley (0083453)
Rogers & Greenberg, LLP
2160 Kettering Tower
Dayton, OH 45423-1001
Telephone: (937) 223-8171
Fax: (937) 223-1649
dpixley@rogersgreenberg.com
Attorney for Byron Frees

### VERIFICATION

I, Bryon Frees, certify that I have read the foregoing Complaint and that the statements contained herein are true to the best of my knowledge and belief.

_____
Bryon Frees

State of Ohio, County of Montgomery, ss:

Sworn to before me and subscribed in my presence this 15th day of July, 2010.

_____
Notary Public

ROBIN E. LOVINS
NOTARY PUBLIC, STATE OF OHIO
COMMISSION EXPIRES SEPT. 04, 2012

### CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing via the Court's ECF system on July 9, 2010, and have served a copy by U.S. Mail to the following:

**Defendant Pioneer Credit Recovery, Inc.**
Boyd W. Gentry, Esq.

Jeffrey Charles Turner, Esq.
John P. Langenderfer, Esq.
Surdyk, Dowd & Turner Co., L.P.A.
1 Prestige Place, Suite 700
Miamisburg, OH 45342
Ph: (937) 222-2333
Fax: (937) 222-1970
Email: bgentry@sdtlawyers.com, jturner@sdtlawyers.com, jlangenderfer@sdtlawyers.com
Attorneys for Defendant
Pioneer Credit Recovery, Inc.

**Defendant ITT Technical Institute**
Timothy G. Pepper, Esq.
Taft, Stettinius & Hollister, L.L.P.
110 N. Main St., Suite 900
Dayton, OH 45402
Ph: (937) 641-1740
Fax: (937) 228-2816
Email: pepper@taftlaw.com
Attorney for Defendant
ITT Technical Institute

**Defendant U.S. Department of Education**
Dale Ann Goldberg, Lead Attorney
United States Attorney's Office – 3
P.O. Box 280
200 W. Second St., Room 602
Dayton, OH 45402
Ph: (937) 225-2910
Email: dale.goldberg@usdoj.gov
Attorney for Defendant
U.S. Department of Education

**Defendant Sallie Mae, Inc.**
Boyd W. Gentry, Esq.
Jeffrey Charles Turner, Esq.
John P. Langenderfer, Esq.

ROGERS & GREENBERG
L.L.P.
ATTORNEYS AT LAW
2160 KETTERING TOWER
DAYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649

8

Surdyk, Dowd & Turner Co., L.P.A.
1 Prestige Place, Suite 700
Miamisburg, OH 45342
Ph: (937) 222-2333
Fax: (937) 222-1970
Email: bgentry@sdtlawyers.com, jturner@sdtlawyers.com, jlangenderfer@sdtlawyers.com
Attorneys for Defendant
Sallie Mae, Inc.

                          /S/ David M. Pixley, Esq.
                          David M. Pixley, Esq. (0083453)

ROGERS & GREENBERG
L.L.P.
ATTORNEYS AT LAW
2160 KETTERING TOWER
DAYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649