IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRYON FREES, | : | |
| Plaintiff, | : | Case No. 3:09cv00301 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| PIONEER CREDIT RECOVERY, INC.,<br>et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon Defendant, ITT Technical Institute, properly named ITT Educational Services, Inc.'s ("ITT") Motion to Dismiss (Doc. # 44) and Plaintiff's Motion for Order Dismissing ITT (Doc. # 45).

Both parties agree that Plaintiff has filed an action in the Ohio courts alleging the same set of facts he alleges against ITT herein. Plaintiff seeks dismissal of ITT from this case without prejudice for the purpose of allowing a final adjudication in the Ohio courts. ITT has not responded to Plaintiff's motion although in the Motion to Dismiss, ITT alleges that the state court case has been finally adjudicated. It is unclear what the status

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

of any appeal of that decision may be.

>Fed. Civ. R. 41(a)(2) provides in pertinent part:

>>By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

>Herein, Plaintiff seeks a dismissal of his claims against ITT without prejudice so that it does not serve as an adjudication on the merits and thereby effect the state court claim. Under these circumstances, Plaintiff's request for dismissal without prejudice is well-taken. However, in the event that Plaintiff files an action in this Court in the future based on or including the same claims against the same defendant, Plaintiff will be ordered to pay the costs of the previous action.

>**IT IS THEREFORE RECOMMENDED THAT:**

>1. Defendant, ITT Technical Institute, properly named ITT Educational Services, Inc.'s ("ITT") Motion to Dismiss (Doc. # 44) be GRANTED;

>2. Plaintiff's Motion for Order Dismissing Defendant ITT (Doc. # 45) without prejudice be GRANTED; and,

>3. This case remains pending on the docket of this Court.

October 7, 2010

                                            s/Sharon L. Ovington
                                             Sharon L. Ovington
                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).